UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LIONEL TOLBERT** | **CIVIL ACTION** |
| **VERSUS** | |
| **N. BURL CAIN, ET AL** | **NO. 08-435-A-M2** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 10 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report.  The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 10 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, April 16, 2009.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LIONEL TOLBERT                                                    CIVIL ACTION

VERSUS

N. BURL CAIN, ET AL                                               NO. 08-435-A-M2

### MAGISTRATE JUDGE'S REPORT

This matter is before the Court on the Petition for Writ of Habeas Corpus (R. Doc. 1) filed by Lionel Tolbert ("Tolbert"). The State has filed both an opposition (R. Doc. 7) to Tolbert's petition and a Motion to Dismiss Pursuant to Rule 9(A) of the Rules Governing Section 2254 Cases in the United States District Courts (R. Doc. 8).

### PROCEDURAL BACKGROUND

On October 11, 1978, Tolbert was charged by a grand jury indictment in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, with aggravated rape and aggravated burglary. On May 29, 1981, he was convicted of aggravated rape and sentenced to life imprisonment. He filed an appeal and several post-conviction relief applications, all of which were denied.

In 2007, Tolbert filed an "Application for Post Writ of Habeas Corpus" in the 20th Judicial District Court, Parish of West Feliciana, State of Louisiana. In that application, he raised the same issue that he asserts in his present habeas petition, specifically, that he was convicted based upon an unlawfully amended indictment. Tolbert contends that one of the counts of a two count indictment against him charging him with aggravated rape and aggravated burglary was amended from aggravated burglary to armed robbery without re-submitting the entire bill of indictment back to the grand jury. On July 18, 2007, the 20th

1

Judicial District Court issued a judgment relative to that application finding that it had no merit because attachments to the application indicated that Tolbert had only been tried and convicted of the charge of aggravated rape, that the indictment for the count of aggravated rape had not been amended, and that the amendment of the count of aggravated burglary to armed robbery had no effect on the aggravated rape count. Thus, the entire indictment was not rendered defective by virtue of the amendment.

Tolbert subsequently filed his "Application for Post Writ of Habeas Corpus" with the Louisiana Supreme Court on August 14, 2007. The Louisiana Supreme Court denied that application on May 30, 2008, citing La. C.Cr.P. art. 930.8; *State ex rel. Glover v. State*, 93-2330 (La. 9/5/95), 660 So.2d 1189; La. C.Cr.P. art. 351; and La. C.Cr.P. art. 930.4. Tolbert then filed his present habeas petition with this Court on or about July 10, 2008, raising the same issue concerning the alleged unlawfully amended indictment. The State opposes Tolbert's habeas petition on the ground that it is procedurally barred from federal habeas review. As noted above, the State has also filed a motion to dismiss Tolbert's petition pursuant to Rule 9(a) of the Rules Governing Section 2254 Cases in the United States District Court, wherein it contends that the petition should be dismissed because over twenty-eight (28) years have passed since Tolbert's conviction, and the Office of the District Attorney for West Feliciana Parish no longer has a file pertaining to his case since it has a policy of disposing of files after five (5) years. Furthermore, the documents that have been supplied to the District Attorney concerning Tolbert's case are incomplete.[1] As such, the State contends that it does not have the necessary information to respond to the merits

---

[1] According to the State's motion, the "entire file of these proceedings is in East Baton Rouge Parish, Louisiana," where he was convicted of aggravated rape in 1981.

2

of Tolbert's petition and therefore will be prejudiced in its defense.  It asserts that this matter should be dismissed because Tolbert has not demonstrated that his habeas petition is based upon grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the State occurred.

## LAW & ANALYSIS

Although the State has asserted Rule 9(a) of the Rules Governing Section 2254 Cases as a basis for the dismissal of Tolbert's petition, the Court finds that it need not address that argument in detail herein since the other basis for dismissal asserted by the State, *i.e.*, procedural default, has merit.  Based upon the Court's review of the documents submitted with Tolbert's petition, it appears that he is procedurally barred from addressing his unlawful indictment claim herein.

A federal court that reviews a state prisoner's habeas claim must respect a state court's determination that the claim is procedurally barred under state law.  *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 2508-09, 53 L.Ed.2d 594 (1977).  In order for federal habeas review to be barred, the last state court rendering a judgment regarding a claim must clearly and expressly state that its judgment rests on a state procedural bar. *Harris v. Reed*, 489 U.S. 255, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989); *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997)(A state procedural rule enjoys a presumption of adequacy when the state court expressly relies on it in deciding not to review a claim for collateral relief).  However, a petitioner may overcome such a procedural bar (and the federal court may review his claim(s)) if he shows "cause" and "prejudice" for his procedural default or demonstrates that a failure to consider his claims will result in a "fundamental miscarriage

3

of justice."[2]

The last state court to review the claim Tolbert asserts herein was the Louisiana Supreme Court when it considered his "Application for Post Writ of Habeas Corpus." As mentioned above, the Louisiana Supreme Court specifically dismissed that application as procedurally barred pursuant to La. C.Cr.P. art. 930.8; *State ex rel. Glover v. State*, 93-2330 (La. 9/5/95), 660 So.2d 1189; La. C.Cr.P. art. 351; and La. C.Cr.P. art. 930.4.[3] Both Articles 930.4 and 930.8 have been held to provide independent and adequate state grounds for dismissing a claim for post-conviction relief.[4] Since the Louisiana Supreme Court's ruling was clearly and expressly based upon state procedural rules, Tolbert is barred from receiving federal habeas review of his claim. Furthermore, Tolbert has failed to overcome that procedural bar because he has not offered any explanation or cause for his procedural default and has not demonstrated that this Court's failure to consider his claims will result in a "fundamental miscarriage of justice." Accordingly, his present habeas

---

[2] *See, Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991)("In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause and prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.")

[3] La. C.Cr.P. 930.8 provides that no application for post-conviction relief shall be considered if it is filed more than two years after the judgment of conviction and sentence become final. La. C.Cr.P. art. 930.4 provides that, if a repetitive state application for relief alleges a claim of which the petitioner raised in the trial court and inexcusably failed to pursue on appeal, the court may deny relief.

[4] *See, Glover v. Cain,* 128 F.3d 900 (5th Cir. 1997)(clearly establishing that Article 930.8 provides an independent and adequate state ground for rejecting a petition for post-conviction relief); *Desalvo v. Cain*, 2002 WL 1585564)(La. C.Cr.P. art. 930.4 held to have acted as an independent and adequate state ground to preclude a claim).

petition should be dismissed with prejudice as procedurally barred.[5]

## RECOMMENDATION

For the above reasons, the Petition for Writ of Habeas Corpus (R. Doc. 1) filed by Lionel Tolbert should be **DISMISSED WITH PREJUDICE**.

Signed in chambers in Baton Rouge, Louisiana, April 16, 2009.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[5] The Court notes that, in order to grant a Rule 9(a) dismissal, the State bears a heavy burden to "(1) make a particularized showing of prejudice, (2) show that the prejudice was caused by the petitioner having filed a late petition, and (3) show that the petitioner has not acted with reasonable diligence as a matter of law." *Rideau v. Whitley*, 237 F.3d 472 (5th Cir. 2000). The mere passage of a significant amount of time between the finality of the petitioner's conviction and his filing for federal habeas relief alone is insufficient to constitute prejudice. *Id.*, at 478; 2 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 24.3 at 928-29 (3d ed. 1998)("[L]apses of time that affect the state's ability, but that do not make it 'virtually impossible' for the state to respond [do not] require dismissal"). Often, to determine whether the State's burden is met, the court must conduct a hearing on the question and make specific findings as to prejudice. *Id.* Since there is another basis for dismissing Tolbert's petition, the undersigned finds that is unnecessary to explore whether the State has carried its heavy burden of demonstrating prejudice and possibly hold a hearing on that matter. Of course, if the district judge disagrees with the undersigned's conclusion concerning dismissal based upon procedural default, the matter can be referred back to the undersigned to address the State's arguments under Rule 9(a).